# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| **CARMINE FEDERICO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **15-12360-FDS** |
| | ) | |
| **TOWN OF ROWLEY and** | ) | |
| **MARYBETH WISER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION TO AMEND

**SAYLOR, J.**

This is an employment dispute.  Plaintiff Carmine Federico has brought this action against the Town of Rowley, his former employer, and MaryBeth Wiser, his former supervisor.  As originally pleaded, the complaint brought five counts arising under the Family and Medical Leave Act, 29 U.S.C. § 2615(a), the Massachusetts Small Necessities Leave Act, Mass. Gen. Laws ch. 149, § 52D, and Mass. Gen. Laws ch. 214, § 1B.

Plaintiff has moved to amend the complaint to add claims for defamation and violation of his right to due process.[1]  For the following reasons, the motion will be denied.

_____

[1] The motion to amend makes vague reference to an additional claim for wrongful termination.  However, the motion does not plead any particular facts related to that allegation, and plaintiff apparently does not intend to include it as a separate claim, distinct from the due process claim.  *See* Pl. Mot. to Amend 7, (seeking to add counts for defamation and violation of due process, but only to "allege" wrongful termination); *see also id.* at 4 (stating that "plaintiff's claims of due process violations and defamation have merit" but nowhere making allegations particular to wrongful termination).  Because plaintiff carries the burden to show by substantial and convincing evidence that a new claim is justified, the Court does not construe the motion to amend to encompass a claim for wrongful termination.

I.      **Background**[2]

Federico filed the original complaint in this action in the Essex County Superior Court on April 17, 2015.  (Compl.).  The Town sent Federico a notice terminating his employment on June 3, 2015.  (Def. SMF Ex. FF).  At that time, Federico was entitled to amend his complaint, as of right, pursuant to Mass. R. Civ. P. 15.  Federico did not amend the complaint at that time.

Defendants removed the case to this Court on June 17, 2015, on the basis of federal-question jurisdiction.  (Docket No. 1).  On July 28, 2015, the Court entered a scheduling order stating that "[e]xcept for good cause shown, no motions seeking leave to . . . amend the pleadings to assert new claims or defenses may be filed after September 30, 2015."  (Docket No. 15).  That deadline had been jointly proposed by the parties.  (Docket No. 9).  The order further required that the parties complete all fact discovery by March 1, 2016.  The Court later amended the scheduling order to require the parties to file dispositive motions by May 31, 2016.  On that date, defendants moved for summary judgment.

On May 27, 2016, counsel for Federico—John W. Davis, Suzanne L. Herold, and Davis & Davis, P.C.—moved to withdraw from their representation in this matter.  In support of this motion, counsel stated, "[t]here has been an irretrievable breakdown of the attorney client relationship and this office and its attorneys can no longer adequately represent Carmen Federico (sic) in this matter."  (Docket No. 25).  The Court granted the motion.  (Docket No. 29).

On September 16, 2016, nearly four months after former counsel withdrew, current counsel entered a notice of appearance.  (Docket No. 34).  The Court has granted multiple extensions of time for responding to the motion for summary judgment because of the change in counsel.  (Docket No. 29, 32, 36).

---

[2] For a full background of the facts in this case, *see* the Court's Memorandum and Order on Defendants' Motion for Summary Judgment, issued concurrently with this Order.

Federico finally responded to the motion for summary judgment on October 3, 2016. (Docket No. 38).  On October 14, defendants filed a reply.  (Docket No. 44).  The Court heard oral argument concerning the motion on November 16, 2016.

Four days earlier, on November 12, 2016, Federico filed the present motion to amend the complaint.  Federico did not file a proposed amended complaint with the motion to amend, but states that he seeks to amend in order to add claims for defamation and a due process violation.

As justification for the late-filed amendment, Federico's current counsel states:

> Mr. Federico's prior counsel did not carefully draft a Complaint or seek to amend it in order to add all meritorious claims on Mr. Federico's behalf . . .  This is the plaintiff's first and only motion seeking to amend his Complaint. The plaintiff should not be prejudiced by his former attorney's failure to include all meritorious claims in this action.

(Pl. Mot. to Amend 2).

## II.   <u>Legal Standard</u>

Under the Federal Rules of Civil Procedure, a motion to amend the complaint is subject to different degrees of scrutiny depending on when it is filed.  Under Rule 15(a)(2), leave to amend a complaint shall be granted "freely . . . when justice so requires."  However, when, as here, a party moves to amend a pleading after the deadline prescribed by a written scheduling order, the party must establish "good cause" for modifying the deadline under Rule 16(b)(4). *See O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 153-54 (1st Cir. 2004).  And when, as here, the motion to amend is filed after a motion for summary judgment has been filed and briefed, "a plaintiff is required to show 'substantial and convincing evidence' to justify a belated attempt to amend a complaint."  *Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 231 (1st Cir. 2005) (quoting *Steir*, 383 F.3d at 12).  Leave to amend may generally be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In determining whether to grant a motion to amend, the Court must examine the totality of the circumstances and "exercise its informed discretion in constructing a balance of pertinent considerations." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).

###   III.   Analysis

Defendants contend that the motion to amend should be denied on grounds of undue delay and futility.

###   A.   Undue Delay

A party seeking to amend a complaint after the deadline set forth in a scheduling order must demonstrate "good cause" for the delay.  *See O'Connell*, 357 F.3d at 154.  The reason for the heightened standard under Rule 16 as compared with Rule 15 is to "preserve[] the integrity and effectiveness of Rule 16(b) scheduling orders."  *Id.* at 155.  In analyzing the plaintiff's reasons for delay, the Court must "focus[] on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent."  *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004); *see also O'Connell*, 357 F.3d at 155 (1st Cir. 2004) ("Prejudice to the opposing party remains relevant but is not the dominant criterion.").

Plaintiff moved to amend the complaint on November 12, 2016.  That motion came more than one year after the scheduling order deadline for amendments, which was September 30, 2015.  That deadline had been proposed by the parties and adopted by the Court.  Furthermore, the motion comes nearly eight months after fact discovery closed in this matter, and nearly five months after dispositive motions were due and filed.  Plaintiff only moved to amend the

complaint after defendants' motion for summary judgment had been fully briefed.

Plaintiff has not offered reason to justify the delay other than a lack of diligence.  There has been no material change in the facts to justify amendment since plaintiff was terminated in June, 2015.  Indeed, he does not point to newly discovered evidence or other recent developments to justify the late amendment.  Instead, he simply states that he should not be prejudiced based on his former counsel's failure to "carefully draft a Complaint or seek to amend it in order to add all meritorious claims."  In essence, plaintiff concedes that his sole reason for the late filing is that his predecessor counsel was insufficiently diligent in bringing claims. Without more, the fact that plaintiff has switched counsel is insufficient to establish good cause under Rule 16.

Although plaintiff complains that he will be prejudiced because of his former counsel's lack of diligence, the Court must look to whether defendants would be prejudiced by granting the motion, not whether plaintiff is prejudiced by his own lack of diligence.  *Steir,* 383 F.3d at 12. Here, it is clear that defendants would be prejudiced.  In order to defend against the new claims, they would require additional discovery, including, at a minimum, deposing the witnesses who supplied affidavits in support of the motion to amend.  In addition, defendants would experience a significant delay in the final resolution of this matter.

Because plaintiff has not shown good cause for the delay in bringing his motion to amend, the Court will deny the motion.  However, even if good cause were shown, the Court would nevertheless deny the amendments as futile, as set forth below.

## B.  <u>Futility</u>

Defendants further argue that the motion to amend should be denied as futile.  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be

granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).  The Court reviews a proposed amended complaint for futility under the "standard [that] applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *Adorno v. Crowley Towing And Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006).  However, "[t]he bar for a plaintiff tendering an amended complaint is higher after a motion for summary judgment has been filed, as the plaintiff must demonstrate 'that the proposed amendments were supported by substantial and convincing evidence.'" *Id.* (quoting *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994)).

The Court is somewhat hindered in its analysis because plaintiff has not provided a proposed amended complaint in conjunction with the motion to amend.  Rather, the motion to amend contains a single, undivided section alleging that "plaintiff's claims of due process violations and defamation have merit."  Pl. Mot. to Amend at 4.  In any event, it is plaintiff's burden to prove by substantial and convincing evidence that the claims would not be futile, and the motion to amend and its supporting documentation are insufficient to carry that burden.

### 1. <u>Defamation</u>

In Massachusetts, a claim for defamation requires (1) that the defendant made a statement concerning the plaintiff to a third party; (2) that the statement could damage the plaintiff's reputation in the community; (3) that the defendant was at fault in making the statement; and (4) that the statement either caused the plaintiff economic loss or is actionable without proof of economic loss.  *See Shay v. Walters,* 702 F.3d 76, 81 (1st Cir. 2012) (citing *Ravnikar v. Bogojavlensky,* 438 Mass. 627, 629 (2003)).

The motion to amend does not allege any specific defamatory statement.  The Court infers that the allegation may concern the fact that "defendants told the Board of Water Commissioners and Board of Selectman that Mr. Federico had engaged in criminal behavior, a

contention that was false at the time it was made." Pl. Mot. to Amend at 5.[3]  As support, plaintiff points generally to an affidavit submitted by Timothy Toomey, which contains five pages of declarations, most of which are unrelated to any possibly defamatory statement.  The Toomey affidavit states that in March 2015, the Rowley Board of Water Commissioners "was made aware that there was a pending criminal investigation into Mr. Federico."  Toomey Dec. ¶ 14. That bare allegation is insufficient to support a claim for defamation for at least two reasons.

First, under Massachusetts law, a claim for defamation can only be brought where the declarant was at least negligent as to the falsity of the claim.  *Stone v. Essex Cty. Newspapers, Inc.*, 367 Mass. 849, 858 (1975).  Here, there is no allegation that as of March 2015, Deborah Eagan (the person who apparently made the statement) knew or negligently failed to inquire whether the criminal investigation against plaintiff was closed.  Eagan apparently knew that there had been an active Rowley Police Department inquiry into Federico's activities beginning in September 2014.  The complained-of statement is arguably false only insofar as Eagan stated that the criminal investigation was "pending."  While it is apparently true that in January 2015, the Rowley Police Department had concluded that there was no probable cause to indict, there is no allegation that Eagan had been told that fact before March 2015.  Plaintiff has thus not made any allegation or suggestion that Eagan's statement was negligent or malicious.

Plaintiff also fails to allege that the statement caused him economic loss.  Under Massachusetts law, "imputation of a crime is defamatory per se, requiring no proof of special damages."  *Phelan v. May Dep't Stores Co.*, 443 Mass. 52, 56 (2004).  However, here, plaintiff has not alleged that defendants falsely stated that he committed a crime.  Instead, the allegation is that Eagan made the Board of Water Commissioners aware of a pending criminal investigation.

---

[3] The Court construes this allegation as applying only to the Town, because the statement is attributed to Deborah Eagan, who was the Town Administrator, not to defendant MaryBeth Wiser.

Because such a statement does not constitute defamation *per se*, plaintiff must allege that he suffered economic harm as a result of the defamatory statement.  While plaintiff was terminated after the statement was made, the pending criminal investigation was not included in the Town's list of reasons for the termination.  Instead, the Town pointed to three other sets of infractions, including neglect of duty and conduct unbecoming, which are unrelated to any statement made by the Town.

In short, plaintiff has not met his burden to demonstrate that the claim for defamation is supported by substantial and convincing evidence.  Accordingly, plaintiff's motion with respect to that claim is futile.

## 2. Due Process

Plaintiff further contends that he should be allowed to add a due process claim on the basis that "defendants completely failed to provide Mr. Federico with the due process afforded past Water Department employees being considered for discipline or discharge."  Pl. Mot. to Amend 7.  Although not specified, the Court understands this to be a claim made pursuant to 42 U.S.C. § 1983 to enforce a constitutional right.

Such a claim for violation of due process would be futile, because plaintiff has not alleged that the process he was afforded was constitutionally insufficient.  *See Wojcik v. Mass. State Lottery Comm'n*, 300 F.3d 92, 102 (1st Cir. 2002) (finding that a pre-termination hearing, in conjunction with a post-termination grievance procedure afforded by a collective bargaining agreement constituted "constitutionally adequate procedural safeguards").  Indeed, plaintiff was given the opportunity to explain his actions at two pre-termination interviews on March 9 and March 16, 2016.  He was commanded to appear at those meetings, but failed to do so, although he was represented by counsel.  Additionally, he was a union employee, who had the opportunity

8

to grieve or appeal the termination decision through a collective bargaining agreement.  *See*

Attilo Paglia Aff. ¶ 10.  Similarly, he apparently failed to take advantage of that process.  Having

failed to avail himself of the available procedures for contesting his termination, he cannot now

complain that the process was insufficient.

It appears from the motion to amend that plaintiff's principal complaint is that the Board

of Water Commissioners did not act pursuant to its obligations under state law in terminating

Federico.  It is black-letter law that a § 1983 is available only to challenge state officials'

compliance with federal, rather than state, law.  *See, e.g., Golden State Transit Corp. v. City of*

*Los Angeles*, 493 U.S. 103, 106 (1989).  Insofar as the due process claim purports to assert

violations of state law, it is futile.

Accordingly, plaintiff has failed to carry his burden by substantial and convincing

evidence to show that the complaint should be amended to permit either his proposed defamation

claim or his proposed due process claim.  The Court therefore finds that the motion to amend the

complaint should be denied on the ground of futility.

## IV.    Conclusion

For the foregoing reasons, plaintiff's motion to amend the complaint is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: December 7, 2016          United States District Judge