# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| CARMINE FEDERICO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 15-12360-FDS |
| | ) | |
| TOWN OF ROWLEY and | ) | |
| MARYBETH WISER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER ON
## DEFENDANTS' MOTIONS TO STRIKE

SAYLOR, J.

This is an employment dispute. Plaintiff Carmine Federico has brought this action against the Town of Rowley, his former employer, and MaryBeth Wiser, his former supervisor. Plaintiff alleges five claims against defendants related to incidents that occurred while he was employed with the Rowley Water Department and to his termination.[1]

Defendants moved for summary judgment on all counts. In response, plaintiff filed affidavits from himself and Timothy Toomey, a former Commissioner for the Rowley Board of Water Commissioners. Defendants have moved to strike both the affidavits in their entirety. For the following reasons, defendants' motion will be denied in part and granted in part.

## I.  Motions to Strike

Generally speaking, only evidence that would be admissible at trial may be considered in connection with a motion for summary judgment. *See Garside v. Osco Drug, Inc.,* 895 F.2d 46,

---

[1] For a full background of the facts in this case, see the Court's Memorandum and Order on Defendants' Motion for Summary Judgment, issued concurrently with this Order.

49-50 (1st Cir. 1990).   A significant exception is affidavits; under Fed. R. Civ. P. 56, affidavits, although not themselves admissible at trial, may be offered in support of, or opposition to, summary judgment if they set forth facts that would be admissible under the Federal Rules of Evidence.  *See id.* at 49.  Pursuant to Fed. R. Civ. P. 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Summary judgment affidavits are subject to the "sham affidavit" rule.  "When an interested witness has given clear answers to unambiguous questions [in a deposition], he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed."  *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994); *see also Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 20 (1st Cir. 2000); 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Allen, Federal Practice & Procedure § 2726.1 (4th ed. 2016).  The "sham affidavit" rule safeguards the integrity of summary judgment proceedings by preventing a party from "manufactur[ing] a dispute of fact by contradicting his earlier sworn testimony without a satisfactory explanation of why the testimony is changed."  *Abreu-Guzman v. Ford*, 241 F.3d 69, 74 (1st Cir. 2001).

A motion to strike is the proper vehicle for challenging the admissibility of evidence offered at the summary judgment stage.  *See Casas Office Machs., Inc. v. Mita Copystar Am., Inc.,* 42 F.3d 668, 682 (1st Cir. 1994).  "The moving party must specify the objectionable portions of the affidavit and the specific grounds for objection.  Furthermore, a court will

disregard only those portions of an affidavit that are inadmissible and consider the rest of it." *Id.* (citation omitted); *see also Perez v. Volvo Car Corp.,* 247 F.3d 303, 315-16 (1st Cir. 2001).

A.     **Motion to Strike Federico Affidavit**

Defendants have moved to strike Federico's affidavit in its entirety on the grounds it is not based on his personal knowledge, contains hearsay and irrelevant testimony that would not be admissible at trial, and directly conflicts with his deposition testimony and undisputed facts in defendants' statement of facts.

Although it is true that Federico's affidavit contains statements that would not be admissible at trial and that conflict with prior statements, the affidavit is not so riddled with inadmissible testimony as to require striking it entirely.  Many of the statements in the affidavit simply provide further support for statements Federico made during his deposition.  Paragraphs four and eight of the affidavit, however, will be struck on the ground that they contradict the prior deposition testimony.

Paragraph four of the Federico's affidavit states:  "At no time did I spend excessive time on personal; (*sic*) calls or internet activity while on work hours."  (Federico Aff. ¶ 4).  That statement contradicts Federico's deposition testimony:

Q. While you were at work did you ever access any websites concerning escort services or prostitutes?

A. I did look at those, but I didn't elicit anything -- solicit anything like that.

Q. But you looked at them on your work computer?

A. Yeah.

(Federico Dep. 306-07).

Q. Did you engage in nonwork-related computer activity?

A. Yes, I did.

3

Q. Did you watch *Hogan's Heroes* on YouTube on your work computer?

A. Yes, I did.

(Federico Dep. 205-06) (emphasis added).

Q. Well, you were spending work time on personal activities, correct?

A. Correct.

Q. So when you were at work, you were on the Town of Rowley computer, but you were conducting searches for your own personal interests?

A. Correct.

Q. And you were using the work computer to correspond via e-mail with people for your own personal purposes?

A. Correct.

Q. And you were using the work computer to watch YouTube for personal purposes?

A. Okay, if I can comment on that.  Sometimes you would have a YouTube video on or you would have, like, an Internet radio on.  It wasn't like I was watching it. It wasn't like I was staring at it. You minimize the screen. It's not like you are watching it every second of the day so . . .

Q. Did you watch the YouTube videos or just listen to them?

A. I would just listen to them. Everybody else was shopping online and paying their bills during work hours, as well.  It depends who we compare it to.

Q. So everybody else was doing it.

A. Absolutely. I'm not saying it's okay, but I'm saying people were paying their bills at work and shopping online.

(Federico Dep. 309-11).  Based on that testimony, paragraph four of the affidavit contradicts

Federico's prior statements under oath and it will therefore be struck.[2]

---

[2] It is true that the affidavit states that Federico did not spend "excessive" time on personal calls or internet activity while at work.  The use of the adjective "excessive," in this context, is an immaterial statement of subjective opinion.

Similarly, paragraph eight of the affidavit is directly contradicted by Federico's prior deposition testimony.  Paragraph eight states:  "Throughout [September 2, 2014], Ms. Wiser repeatedly called, texted and left voice mail messages for me and ignored my responses that I needed to tend to my mother."  (Federico Aff. ¶ 8).  In contrast, when asked in his deposition how many times Wiser called, Federico responded, "I'm trying to think.  Maybe one or two texts or one or two phone calls, around there.  I did drop a lot of calls from her.  They just dropped and I cut out."  (Federico Dep. 93).  Federico repeatedly testified that he could not recall the substance of any of his conversations with Wiser, if there were any, and that he could not recall the substance of text messages.  (*Id.*)  When asked whether Wiser left a message, Federico stated, "I don't recall.  It's been a while so I don't recall, but I know there was some type of communication going on."  (*Id.* at 96).  When asked, "Did you ever text her that day?" Federico responded, "No, I don't think so, not to my knowledge."  (*Id.* at 94).  When asked, "Did you ever call Ms. Wiser during that day?"  Federico responded, "I don't know if I tried calling her back and I couldn't get through."  (*Id.*).

Federico's testimony that Wiser called and texted one or two times and that he either did not or could not remember responding directly contradicts the statement in paragraph eight of the affidavit.  Accordingly, that paragraph will be struck.

###    B.    Motion to Strike Toomey Affidavit

Defendants contend that the Toomey affidavit should be struck in its entirety because it is rife with hearsay, contains legal conclusions not based on his personal knowledge, and contains privileged information.  Again, the Toomey affidavit, while containing some hearsay, will not be struck in its entirety.  However, the Court will strike statements in the affidavit that are clearly inadmissible.

Paragraph 27 of the Toomey affidavit includes inadmissible hearsay.  In paragraphs 26-28 of the affidavit, Toomey discusses events that took place during a Joint Executive Session regarding Federico's proposed termination:

> 26. I pointed out that two town employees who committed far more egregious offenses including criminal activity and were not terminated.

> 27. Based on what I was told and I'm not sure by whom, in one case, a town employee struck a police officer; he was not subject to termination.

> 28. In another case, the fire chief assaulted a fire fighter; the chief was suspended for one month.

(Toomey Aff. ¶¶ 26-28).  At a minimum, in paragraph 27, Toomey offers an out-of-court statement for the truth of matter asserted:  namely, that a town employee struck a police officer and was not terminated thereafter.  *See* Fed. R. Evid. 801.  Accordingly, paragraph 27 plainly contains hearsay and will be struck.[3]

Defendants contend that portions of the affidavit that set forth Toomey's understanding of the termination process should be struck because Toomey is not a legal expert.  However, for approximately seven years and during all relevant times Toomey served as a Commissioner on the Board of Water Commissioners.  As such, he is competent to provide lay opinion, based on his personal knowledge, about his understanding of the procedures and practice the Board used to terminate employees during his long tenure.  The Court will accept that testimony for what it is worth.

Defendants further contend that portions of the affidavit that discuss oral deliberations and board votes with respect to Federico's termination should be struck as inadmissible based on the deliberative-process privilege.  However, the Court does not find it necessary to decide that

---

[3] It is ambiguous whether paragraphs 26 and 28 likewise contain hearsay.

issue, because the evidence is not relevant to the Court's decision and was not relied upon in any case.

**II.**     <u>**Conclusion**</u>

For the foregoing reasons, defendants' motion to strike the Federico affidavit and the Toomey affidavit will be DENIED in part and GRANTED in part.  In particular, Paragraphs 4 and 8 of the Federico affidavit and Paragraph 27 of the Toomey affidavit are struck.

**So Ordered.**


                                                          /s/ F. Dennis Saylor
                                                          F. Dennis Saylor IV
Dated:  December 7, 2016                                  United States District Judge